FRANK J. LOOMIS v. TOWNSHIP BOARD OF ROGERS.

*Township bridges—Raising money for repairs—Issue of fact in mandamus proceedings.*

| 53 | 135 |
|----|-----|
| 126 | 347 |
| 126 | 348 |
| 53 | 135 |
| 139 | ²309 |
| 53 | 135 |
| 150 | ⁵152 |
| 53 | 135 |
| 147 | ³186 |

1. Act 98 of 1867 in empowering townships to raise money by tax *or* loan for repairing bridges does not warrant resorting to both methods at one time to raise the full amount which both together would produce. And if any voter votes for both modes of levy his ballots neutralize each other.

2. The finding of a jury is contradictory and inconclusive where the question submitted involves matter of law as well as of fact, and the findings upon matters of fact show that there was no basis for the conclusion which they reached upon the whole question.

3. Facts set up by respondent in his return to an order to show cause are

admitted by the relator if, when an issue is framed, they are not submitted to the jury.

4. How. Stat. § 8666, in providing that a peremptory mandamus shall be granted at once where a verdict is found for relator, does not apply if material issues have not been submitted to the jury and found in his favor.

5. Mandamus does not lie to compel a township to raise money to pay bonds so long as it is an open question whether the bonds are a legal obligation on the township and whether the relator is a bona fide holder of them, as those are questions for the trial court.

Mandamus.   Submitted Feb. 6.   Denied March 6.

*J. C. Shields* for relator.

*Henry M. Duffield* for respondent.   Every essential proceeding in the course of a levy of taxes must appear in some permanent form on the records of the bodies authorized to act upon them : *Moser v. White* 29 Mich. 59 ; *Powers' Appeal* Id. 504 ; *Taymouth v. Koehler* 35 Mich. 22 ; *Moor v. Newfield* 4 Me. 44 ; *Jordan v. School Dist.* 38 Me. 164 ; proof of posting of notices to change the limits of a township must show the time and place where and when they were posted : *Scrafford v. Supervisors of Gladwin* 41 Mich. 647 ; *State v. Hardcastle* 26 N. J. L. 143 ; *State v. Browning* 28 N. J. L. 556 ; *State v. Williams* 25 Me. 565 ; *Cardigan v. Page* 6 N. H. 182 ; *Nelson v. Pierce* id. 194 ; a return of service must state the facts and not merely conclusions as to sufficiency : *McCaslin v. Camp.* 26 Mich. 390 ; *People v. Nankin* 14 Mich. 528.

CHAMPLIN, J.   Relator filed a petition praying that a mandamus issue to the respondent to compel the township board of the township of Rogers to include the amount of a certain bond and nine interest coupons in the township taxes to be raised, for the purpose of paying such bond and coupons. He alleges that he is the holder, and that the bond and interest coupons were issued by the township of Rogers under and in pursuance of Act No. 98 of the Session Laws of 1867, to bear the expense of the construction of certain bridges in the township, being one of an issue of three thousand dollars for bridges in said township ; and that that sum was within the limit which could lawfully be raised for that purpose ;

that the bond and coupons constituted a valid charge against the township; that the sums for which they were issued were duly voted by the electors of the town, and the same were in all respects legally authorized by the proper authorities of the township; that the bonds are in all respects legal and valid and have never been paid; that relator is a bona fide holder for value before maturity; that he has presented the bond and coupons for payment, and that payment has been refused, and the township board has made no provision for the payment thereof, and they refuse to take any steps for spreading the amount on the tax-roll so that the money can be collected for payment of the bond and coupons; that the township caused the coupon first falling due to be paid without objection.

Respondent answered and denied, on information and belief, that the township ever issued the bond, or that the township treasurer ever signed it; that no money was ever paid to the township treasurer as and for the consideration of the bond; that certain pretended issues of bonds and coupons were made payable to Alvin Williams, or bearer, for the purpose of having him negotiate them; that the blank forms were left lying loosely about the township office of the township of Rogers; and that there was a large over-issue of such pretended bonds; that the township never received any value for the bonds or coupons. The respondent neither admits nor denies that relator is the owner and holder of the bond; denies that the bond was issued in pursuance of Act No. 98; avers, on information and belief, that the same was illegally and unlawfully issued; denies that the bond and coupons constitute a charge against the township, or that the sums for which the bonds were issued were duly voted by the electors of the township; or that the same were authorized by the proper authorities of the township; denies that relator is a bona fide holder of the bond and coupons; neither admits nor denies that he has presented the bond at the bank for payment; admits presentation to the township board, and demand and refusal of payment; denies that the township paid one of the coupons; denies that legal notice of the intention to vote by

ballot on a tax or loan, in pursuance of Act No. 98, was ever given; attaches a copy of all the records of the proceedings of the township relating to the issuing of bonds under that Act; insists that the bond is illegal and void, *first*, because it is made payable more than ten years after its date; *second*, because it is made payable at the First National Bank of Detroit, and outside of the limits of the township of Rogers in the county Presque Isle.

The copy of the records of the proceedings attached to respondent's answer is as follows:

Copy of notice posted in five of the most conspicuous places in the township of Rogers:

*To the Qualified Electors of the Township of Rogers:*

Take notice, at the request of ten or more freeholders of the township of Rogers, a special township meeting is hereby called to be held at the school-house, in the village of Rogers City, on Wednesday, the 23d day of August, 1871, at nine o'clock in the forenoon, to submit, for approval or rejection by the voters of said township, the question of levying a tax of one per cent. on the assessed valuation of the real and personal estate of said township, and also to vote upon the question of raising three thousand dollars ($3000.00) in bonds of the township of Rogers, running for the period of ten years and bearing ten per cent. interest, for the purpose of building bridges across several of the streams, water-courses, and swamps within the limits of said township; said tax and loan being in accordance with an Act passed by the Legislature of this State and approved March 25th, 1867.

*Dated at Rogers City this 8th day of August, 1871.*

F. D. LARKE, Town Clerk, *Ad Interim.*

At a special township meeting held in accordance with notices posted previously, according to law, and recorded herein, at the school-house, in the village of Rogers City, in the county of Presque Isle, Michigan, on the 23d day of August, 1871, at 9 A. M., a ballot was cast to vote upon the propriety of raising a loan of $3000.00, running for ten years and bearing ten per cent. interest, for the purpose of building bridges over the various streams, water-courses, and swamps, in the township of Rogers; also upon the advisability of raising or levying a tax of one per cent. upon the assessed valuation of real and personal estate of the township of Rogers for the aforesaid purposes. Present: John

Morrison, Chas. Pfauenschmidt, and John Paul Mayer, inspectors of election; Fred. Denny Larke, acting township clerk, and William H. Buchanan, clerk to the inspectors. Moved by Fred. Denny Larke, and seconded by John Morrison, that Charles Pfauenschmidt be appointed chairman of this meeting, and afterwards carried by acclamation. Voting commenced; board adjourned at 12 noon and re-assembled at 1 P. M.; at 3 P. M. notice was given that the polls would be closed at 4 P. M., at which time, the ballots having been canvassed and compared, the following result was obtained:

| | |
|---|---|
| Total number of votes polled, | 45 |
| For the loan, | 45 |
| For the tax, | 45 |
| Majority for loan, | 45 |
| Majority for tax, | 45 |

Inspectors of election:

JOHN MORRISON.
CHARLES PFAUENSCHMIDT.
J. PAUL MAYER.

Clerk of board:

WM. H. BUCHANAN.

Acting town clerk:

FRED. DENNY LARKE.

### Copy of Affidavit.

*State of Michigan, County of Presque Isle—ss.:* J. Paul Mayer, being duly sworn, deposes and says, to wit:

That on Tuesday, the 8th day of August, 1871, he posted in five of the most public places in the township of Rogers five notices calling for a special township meeting to be held in the school-house, in the village of Rogers City, on Wednesday, the 23d day of August, 1871, at nine o'clock in the forenoon, to submit to the approval or rejection of the voters of the township of Rogers the proposition for the levying of a tax of ten mills on the assessed valuation of the real and personal estate of the township of Rogers, and also for the issue of bonds of said township to the amount of $3000.00, said bonds to run for the period of ten years, and to bear ten per cent. annual interest, said loan and tax being for the purpose of building bridges over and across the several streams, water-courses and swamps within the limits of said township.

J. PAUL MAYER.

Sworn and subscribed before me this 23d day of August, 1871, a notary public for the county of Alpena.

FRED. DENNY LARKE, Notary Public.

Issues were framed, to be tried by a jury, as follows:

*First.* Was bond No. 41 (the one mentioned in relator's petition) of the township of Rogers, Presque Isle county, issued by authority of a vote of the people of said township at an election called for such purpose, under Act No. 98 of the Session Laws of 1867, for the purpose of constructing or repairing of bridges in said township?

*Second.* Was said bond signed by Christian Bahr, treasurer of said township?

*Third.* Was the coupon of January 1st, 1873, attached to said bond, paid by said township?

*Fourth.* Has the township of Rogers recognized its liability on and for said bond, giving the public a right to believe the same was a valid claim against said township?

And such issues were afterward tried in the circuit court for the county of Bay, and the jury found upon such issues as follows:

*First.* As to the first issue, they find that bond (No. 41) number forty-one, mentioned in the relator's petition, was issued by authority of a vote of the people of said township, at an election called for such purpose, and that a true copy of the notice of said election, and a true copy of the affidavit of the posting of notice of said election, and of the proceedings had at such election, are attached to the answer of the respondent in this case, and that issue of said bonds was for the purpose of repairing and constructing bridges in said township.

*Second.* As to the second issue, they find that said bond was signed by Christian Bahr, treasurer of said township of Rogers.

*Third.* As to the third issue, they find that coupons attached to the bonds of this issue were received by the treasurer of said township in payment of taxes; but whether the coupon of 1873, attached to bond number forty-one (41) was so received by said treasurer in payment of taxes, there is no direct evidence, the evidence showing, however, that such coupons so paid in are usually destroyed in presence of the township board.

*Fourth.* As to the fourth issue, they say that there is no evidence before them as to how the township of Rogers has treated said bonds, and therefore they make no finding as to that issue.

The statute referred to authorized any township in the State to vote for and raise by *tax* a sum not exceeding one per cent. of the assessed value of the real and personal estate for the preceding year, for the purpose of rebuilding and repairing bridges. It also authorized them to borrow money for such purposes upon the terms and conditions named in the Act. The conditions were, that the aggregate of such loans should not exceed three per cent. of the assessed valuation; that no larger sum than one per cent. on the valuation should be raised in any one year to pay interest or principal; the bonds were to be issued by the township board; the voters were to direct the time of payment, in no case exceeding ten years from the date of bond, and the interest was not to exceed ten per cent. The statute authorized the township clerk, upon the application of ten legal voters who were freeholders, to give notice two weeks previous to the annual or special meeting, of the intention to vote by ballot on a tax *or* loan, and at such meeting the question was required to be submitted to the voters, and the majority voting were *"to determine as to raising a tax, or making a loan* for the purpose" specified.

It is plain that the statute did not contemplate or authorize the township to vote a tax and a loan for the same purpose at the same time. They could vote to raise the money by tax, not exceeding one per cent. on the valuation, or they could vote to raise it by loan, and a majority of the voters were to decide by ballot which method should be adopted. According to the township records returned, the question whether the money should be raised by tax *or* loan was not submitted to the voters. Forty-five votes were cast, and forty-five voted for a loan, and forty-five voted for tax. Every voter voted that the money should be raised by tax, and also by a loan— one vote neutralized the other, and no determination whatever was reached, whether the money should be raised by tax or by loan. Each had the same majority. The vote was a tie.

It appears also that Fred. Denny Larke was a man addicted to office. He signed the notice of a special township meeting

as town clerk ad interim.    At the election he acted as one of the clerks of election ; he administered an oath to J. Paul Mayer, to an affidavit of posting the notices, as a notary public for the county of Alpena ; and three months later he executed the bond in question as supervisor.    So far as this record shows, the special township meeting was a nullity. Such meetings can only be held on the order of the township board, on a request in writing, signed by twelve electors of the township, specifying the purpose.    The order of the township board must specify the purpose of the meeting and be posted up in three of the most public places in the township, and the order must be left with the township clerk within two days after it is made, and he must record the same.    The record must show all the statutory requirements to have been complied with.

It is claimed however, that the finding of the jury upon the first issue of fact submitted to them is conclusive that all preliminaries had been complied with, and also as to the legality of the proceedings and vote.    The issues were not so framed as to determine material facts, and the first question submitted was one more of law than of fact.    Had the jury been called upon to find the material facts the law would have determined, upon such facts, whether the bonds were issued by a vote of the people ; and hence when they find as to the first issue, that the bond was issued by authority of a vote of the people of the township, at an election called for that purpose, and further find that a true copy of the notice and of the affidavit of posting, and of the proceedings had at the election, are attached to the return, they contradict their finding that the bond was issued by authority of a vote of the people, because these proceedings show as before stated, that no determination was arrived at by the vote, and such vote conferred no authority to issue any bonds.

The case when presented for our consideration at the hearing was in this condition.    The respondent had denied in its answer that the township had ever issued the bond in question, or that its treasurer had signed it ; it denied that the bond was issued in pursuance of Act No. 98 ; it denied that the township

had paid one of the coupons attached to the bond, but avers that if it did it was done through inadvertence and ignorance of facts stated in the answer; it denies that the sums for which the bonds were drawn and issued were duly voted by the electors of the township. Upon the facts embraced in the foregoing denials issues were framed and tried before a jury as above stated, and as to the first fact their finding was contradictory and inconclusive. The second fact they found against respondent, and they failed to find as to the third and fourth facts submitted to them.

There were other material issues made by the pleadings which were not submitted to the jury, viz.: The respondent denied that the relator was a bona fide holder of the bond, and averred that the bond and coupons belonged to George J. Robinson or his wife Eliza, and that Robinson had notice of the invalidity of the bond when he purchased it; it also denied that the township had ever received any value for the bond in question; and it asserted that it had been illegally and unlawfully issued in the manner specified and described in the answer; and it further asserted that the bond was unauthorized by the proper authority of the township; it also asserted that no legal notice of the meeting to vote on the question of issuing the bonds ever was given, and no legal proof of such notice made. These facts the relator did not see fit to send to a jury, and must therefore be considered as admitting the truth of such facts. *People v. Ryan* 17 Mich. 159; *People v. Commissioners &c.*, 19 Mich. 473; *Pack v. Supervisors of Presque Isle County* 36 Mich. 377.

The statute which provides that in case a verdict shall be found for the person suing out the writ, a peremptory mandamus shall be granted to him without delay, does not apply where issues material to the relator's right to the writ are not submitted to the jury and determined in his favor. How. Stat. § 8666. The questions whether this bond is a binding obligation of the town, and whether the relator is protected as a bona fide purchaser of the same, are proper questions for a trial court, and should he recover a judgment there, it is

fair to presume that he will have no occasion to require the assistance of this Court.   Act No. 63, Pub. Acts 1883.

We content ourselves therefore, with saying that as the case has developed, we are satisfied that it is not a proper one for this remedy, and the writ is therefore denied.

The other Justices concurred.