FIRST NATIONAL BANK OF TRAVERSE CITY v. TOWNSHIP CLERK OF UNION TOWNSHIP.

MANDAMUS—TOWNSHIP OFFICERS—PURCHASE OF MACHINERY—INTEREST ANTAGONISTIC TO TOWNSHIP.

 Mandamus, being to some extent a discretionary writ, is properly refused when sought to compel the certification of the amount due on a township order given for the purchase of road machinery by the township board, in which the supervisor had an interest by way of compensation received from the seller of the machine.

Certiorari to Grand Traverse; Mayne, J. Submitted June 27, 1905. (Calendar No. 21,085.) Decided September 20, 1905.

Mandamus by the First National Bank of Traverse City to compel the township clerk of Union township to certify an amount to the board of supervisors for the purchase of a road machine. There was an order denying the writ, and relator brings certiorari. Affirmed.

*John W. Patchin*, for relator.

*Parm C. Gilbert*, for respondent.

OSTRANDER, J.   On or about December 17, 1902, pursuant to the provisions of Act No. 173, Pub. Acts 1897 (2 Comp. Laws, §§ 4193–4197), the commissioner of highways for the township of Union, in the county of Grand Traverse, upon the joint request of a majority of the overseers of highways of such township in writing, and with the assent of the township board of the township purchased for the use of the township, upon credit, from a manufacturer of road machines through the agent of such manufacturer, a road roller.   In accordance with the contract of purchase and sale, a township order was drawn, registered by the clerk of the township, a true copy filed by him in his office, delivered to the vendor, and by the vendor assigned to relator and plaintiff in certiorari, a copy of which order follows:

"To the Treasurer of Union Township in Grand Traverse County, State of Michigan:

"Whereas, the commissioner of highways of your said township has heretofore duly contracted for and purchased of C. W. Carter & Co., in pursuance of the laws of the State of Michigan, one Carter patent snow roller:

"You are hereby directed and required to pay to said C. W. Carter & Co., of St. Johns, Michigan, or order, out of the highway fund of said township ($500) five hundred dollars, the contract price therefor, as per contract as follows: $100 on the 1st day of March, 1904; $100 on the 1st day of March, 1905; $100 on the 1st day of March, 1906; $100 on the 1st day of March, 1907; $100 on the 1st day of March, 1908—with interest at the rate of six per cent. per annum, payable annually, from the 20th day of December, 1902, at First National Bank, in Traverse City, Michigan.

"Witness our hand and seal as highway commissioner and supervisor of said township, this 17th day of December, 1902.

"D. McALEY, Highway Commissioner.
"C. M. HAGER, Supervisor."

Nothing has been paid on the order.   It is alleged that

no money has been provided by the township for payment of the order, because the clerk of the township, respondent below, declined to certify the amounts due upon the order as sums to be included in the budget of the township. Relator filed its petition in the circuit court for the county of Grand Traverse for a mandamus to compel the clerk to make the necessary and proper certification, so that a tax could be spread to pay the amount due on the order. To this petition an answer was filed, and a replication, which called for the framing of issues, and 25 issues were framed and ordered to be submitted to be determined as issues of fact. The matter was brought to hearing before the court and a jury.

The answer of the respondent to the order to show cause alleges various reasons why the contract made for the road roller ought not to be performed on the part of the township, and sets out conduct of the supervisor, at the time the contract was procured and the order given, in support of the claim that proper official. action was wanting. In the progress of the hearing in the circuit court, the supervisor, whose name appears in the action to purchase the machine, was called as a witness for relator and gave testimony. The jury were excused from the court-room, and the court said to counsel, among other things:

"The action of the township board as such is necessary to constitute a legal contract or agreement for the purchase of this machine. Whatever it may be, under the statute some action must be taken. In this case, the supervisor's testimony is that he was to receive and did receive compensation from the owners of the machine. This compensation consisted in pay for the time which he spent in working for them. In this case it was only $22.50 —probably an amount that was not more than sufficient to pay him, but in the view that I take of the matter it does not matter. It is not material whether he received from the seller of the machine $1 or $100. An officer acting for and in behalf of the township cannot be in the employ of a party contracting with the township in relation to the very matter which is to come before the board, and

the fact that in this case the compensation was none too much, probably, I consider is entirely immaterial, and the fact that the parties were honest and that he was acting in an honest manner—simply got his day's pay—is immaterial also. The policy of the law is not such that these wholesalers can go around and employ township officers to go around with them in order to get the article sold, and then sit on the township board and act in behalf of the township. Now, for this reason, it seems to me that, unless this testimony is to be contradicted, the facts that I have indicated would be conclusive of the question in this case."

After hearing from counsel, the jury were recalled, and the supervisor was again called to the stand and gave further testimony, which, while it may be said to soften, in no way changes, the facts as stated by the trial judge. The court thereupon iustructed the jury that there was no question for their consideration, discharged them, and denied the writ.

It seems to be conceded upon the record that the township never accepted or used the road roller. Counsel for respondent states in his brief that the "sole question decided by the circuit court was that the so-called order was voidable by having been obtained by means contrary to public policy." The granting of the writ of mandamus by a court involves to some extent the exercise of discretion. The relator occupies no different position, and has no greater legal or equitable right to consideration, than its assignor would have.

The determination of the court below was warranted, and the judgment is affirmed.

Moore, C. J., and Carpenter, McAlvay, and Hooker, JJ., concurred.