INDIANA ROAD MACHINE CO. *v.* KEENEY.

1. MANDAMUS—PRACTICE—MATTERS ADMITTED.
   Where no issues are framed or settled as to the allegations and denials contained in the answer to an order to show cause, they must be treated as admitted by relator.

2. HIGHWAYS—ROAD DISTRICTS—POWER TO CONTRACT—PURCHASE OF ROAD MACHINES.
   Road districts have no power to make contracts as municipalities, and the contract of purchase of road machines authorized by sections 4193 and 4194, 2 Comp. Laws, is entered into by the commissioner of highways in behalf of the taxpayers of the districts interested, and binds them only when a petition signed by the requisite number of taxpayers is made the basis of his action.

3. MANDAMUS — PROPRIETY — PURCHASE OF ROAD MACHINE — FRUAD.
   Mandamus, being to some extent a discretionary writ, is properly refused when sought to compel a township to levy and spread taxes to pay for a road machine for certain road districts, bought under the provisions of sections 4193 and 4194, 2 Comp. Laws, where it appears that the signatures to the petition were obtained by the township clerk fraudulently, and it is immaterial that the machine has been delivered to the districts and used by them, and that one installment of the purchase price was paid before the fraud was discovered.

Certiorari to Arenac; Sharpe, J. Submitted December 4, 1906. (Calendar No. 21,927.) ˙Decided February 5, 1907.

Mandamus by the Indiana Road Machine Company to compel George W. Keeney, supervisor of Clayton township, and others, to levy and collect a tax for the payment of a road machine. There was an order denying the writ, and relator brings certiorari. Affirmed.

*De Vere Hall* (*John J. McCarthy*, of counsel), for relator.

*S. E. Hayes* and *M. D. Snow*, for respondents.

BLAIR, J.    On the 23d of August, 1898, the commissioner of highways of the township of Clayton, in Arenac county, assuming to act under sections 4193 to 4197, both inclusive, 2 Comp. Laws, entered into a written contract with relator for the purchase of a road machine.    A petition in due form was filed with the commissioner, requesting him to purchase the machine, upon which was the following certificate of the township clerk:

" I hereby certify that the above petitioners constitute a majority of the taxpayers of each of such highway districts, and that they represent more than one-half of the taxable property of said districts, and the days' work levied for the respective districts, as stated above, is correct as ascertained by the last preceding assessment roll."

August 23, 1898, the machine was delivered to the commissioner, and he gave a written receipt therefor.    The purchase price of the machine was payable in installments, and, in 1899, a tax sufficient to cover the payments due on March 1, 1900, was levied and spread upon the assessment roll and the tax was collected and held by the treasurer, who declined to pay the same to relator until required to do so by the mandate of the circuit court upon mandamus proceedings instituted by relator.    Since such enforced payment, the township authorities have refused to levy and spread the taxes to pay the installments falling due thereafter, and relator procured from the circuit court an order for respondents to show cause why a writ of mandamus should not issue to compel them to provide for and pay such installments.    On the filing of respondents' answer, issues of fact were framed, upon which the circuit judge found, among other things, that an agent of relator represented to the township clerk that he had secured all the names he desired on the petition for the pur-

chase of the machine; that he filled out the blank contracts and expressed himself as satisfied that said petitioners represented a majority of the taxpayers of each of said road districts and that they represented more than one-half of the taxable property in each of said districts; that said number of taxpayers and amounts of property were ascertained by said agent and not by the township clerk, who signed the certificate, at the request of the agent, in reliance upon the agent's statement and not on his personal knowledge. The court further found:

"That said township and road districts one, two, and three received said road machine into their possession on or about the first day of September, 1898, and that the same has been used by them ever since."

The answer of respondents alleged, among other things, that relator's said agent hired the township clerk to assist in securing the names of taxpayers to the petition, and that he did so assist, for hire and reward. The said answer denied that a majority of taxpayers signed the petition, or that they represented one-half of the taxable property of the districts interested, and alleged that said agent obtained signatures by fraudulent representations. No issues were framed or settled as to the allegations and denial last referred to, and they must, therefore, be treated as admitted by relator. *Loomis* v. *Rogers Township Board*, 53 Mich. 135. The circuit judge denied relator's application for the writ of mandamus, and the record has been removed by relator to this court by writ of certiorari.

Except for the facts that this machine was accepted and is still in use, and a payment of a portion of the purchase price had been compelled by the court, the case would be ruled by *First Nat. Bank of Traverse City* v. *Union Township Clerk*, 141 Mich. 404. The question for consideration, therefore, concerns the effect of such acceptance, use, and payment. Section 4194, 2 Comp. Laws, authorizes the highway commissioner to contract for and purchase a road machine—

"If a majority of the taxpayers of one or more high-

way districts in any township, representing more than one-half of the taxable property in such district, or in each of such districts, to be ascertained by the last preceding assessment roll and certified to as such by the town clerk of the town, petition the commissioner of such township therefor."

The commissioner derives his power to contract from a properly signed and certified petition of a majority of the taxpayers representing more than one-half of the taxable property in the district, "to be ascertained by the last preceding assessment roll." Without such a petition, the commissioner could not make a contract which would bind the minority taxpayers. A petition signed by less than a majority of the taxpayers, or representing less than one-half of the taxable property of the district as shown by the last-preceding assessment roll, would confer no greater authority upon the commissioner to contract than though no petition whatever were presented to him. While the certificate of the township clerk, made in good faith, might justify the commissioner in omitting to examine the last preceding assessment roll, it would not confer authority upon him to contract if, in fact, the petition did not comply with the statute. But, in the case before us, the certificate was not made in good faith; it was made by a township officer who was in the employ of respondents, for the purpose of obtaining the contract. The agent of respondents obtained signatures to the petition by fraudulent representations. He procured the township clerk to certify, either fraudulently or negligently, to facts which were not true, and his principal is chargeable with notice of his fraudulent acts.

Discussing this statute, in *Pape* v. *Township of Benton*, 140 Mich. 165, the court said:

"It is evident from a reading of the two sections that the first [4193] provides for these contracts to be made with townships; that in the second [4194] the legislature, in providing a means whereby road districts in a township might purchase a road machine, recognized that such districts were not municipalities which could assume ob-

ligations, and sue and be sued, and provided a way of payment for this implement necessary in the construction and maintenance of highways, through the provisions of the statute."

In making such contracts, the commissioner of highways represents the taxpayers, who are to pay for the machine, and they alone could ratify his action. The machine, when received, is under the charge and control of the overseers of highways and the commissioner of highways, and the taxpayers have nothing to do with it except to pay for it. The action of the taxpayers, in paying their taxes to provide for the first installment of the purchase price, could not constitute a ratification of the void contract unless they were chargeable with notice that it was void and relator had acted in good faith. But, as said by the circuit judge, "the taxpayers had a right to assume, when the supervisors and township board ordered this first tax spread, that it was a binding contract, and that they were liable to pay it." Having afterwards discovered that the contract was void and had been obtained by fraud, they were not estopped to assert the facts in their defense. As said in *First Nat. Bank* v. *Union Township Clerk*, supra:

"The granting of the writ of mandamus by a court involves, to some extent, the exercise of discretion."

Even though the writ, as in this case, is the only remedy open to relator, we do not think it should be granted upon this record, from which we must assume that the relator procured the contract by fraudulent representations and practices, knew that it did not comply with the statute, and was void.

The order of the circuit court is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.