# The People on the relation of Albert Pack v. The Supervisors of Presque Isle County.

*Mandamus: Doubtful rights. Mandamus* will not issue to enforce any doubtful right.

*Mandamus: Warrants for county buildings: Vote of people.* Under the statute (*Comp. L. 1871*, § *477*) it requires a popular vote to authorize the borrowing or raising by tax for building purposes in any one year

PACK *v.* SUPERVISORS OF PRESQUE ISLE COUNTY.

by a county, of a sum exceeding one thousand dollars; and *mandamus* is refused to compel provision to be made by taxation to pay warrants amounting to twenty-six hundred and forty dollars, purporting to have been issued by a board of supervisors for county building purposes between June, 1874, and January, 1875, where the question of raising or borrowing this money has never been submitted to a vote of the people, the relator having notice of the invalidity of the warrants.

*Removal of county seat: Designation of place.* Proceedings to remove a county seat, which fail to designate the place to which the proposed removal is to be made, are held invalid.

*Mandamus: Supervisors' warrants: Existence of county.* On this application for *mandamus* to compel the raising a tax to pay warrants purporting to be issued by a board of supervisors, the question of the validity of the proceedings to organize the county, not being essential to the decision of the case, is not determined.

*Submitted on briefs April 12.    Decided April 24.*

Application for Mandamus.

*Victor C. Burnham* and *Atkinson & Atkinson,* for relator.

*Phillip O'Farrell* and *S. S. Olds,* for respondents.

CAMPBELL, J :

A *mandamus* is sought for to compel provision to be made by taxation to pay certain warrants issued in June and November, 1874, and January, 1875, purporting to be dated at Crawford's Quarry, and to have been issued by order of the board of supervisors, signed by J. Burnham, chairman, and Frederick Denny Larke, clerk.

The answer, which is not controverted by the relator, denies that the county had any legal organization until after the act of 1875, which made adequate provision for it, and treated it as then unorganized; that in 1870 a single township, of Rogers, not embracing the whole county, was organized by the supervisors of Alpena, to which Presque Isle county was then attached. A statute was passed in 1871, providing for its separate organization, but creating no new townships. This statute provided for election of county officers during that spring, or at any future time, on ten days' notice, given by the clerk of Rogers, and fixed the county seat at Rogers City until lawfully removed. On the

29th of July, 1871, the board of supervisors of Alpena county took steps to organize another township, of Presque Isle, including a part of the township of Rogers, and some other territory, but leaving several surveyed townships, with inhabitants, outside of either of those towns so organized, and outside of any organized township.

In 1875 the legislature, treating Presque Isle county as still unorganized, divided it into townships, and made the other necessary arrangements to give it legal existence.

In 1874 Frederick Burnham and Leonard C. Crawford, as supervisors, held a meeting at Crawford's Quarry (and not at Rogers City), and adjourned from the 13th to the 28th of February, when they passed a resolution declaring it expedient to remove the county seat from Rogers City to Crawford's Quarry, and for submitting the question of removal to a vote of the inhabitants of the several townships in the county on the 6th of April. The meeting of February 13th is averred to have been illegal, and without notice to the clerk, or his deputy, neither of whom attended that or the adjourned meeting.

The warrants in question, amounting to twenty-six hundred and forty dollars, were issued upon a contract for county buildings, and all issued within seven months. The question of raising or borrowing money was never submitted to a vote of the people. The statute requires all sums beyond one thousand dollars, for building purposes, to be authorized by a popular vote.—*C. L.,* § *477.*

It also appears that no notice was given of the place to which it was proposed to remove the county seat, which is the especial question on which the vote of the people is to be taken.—*C. L.,* § *483.*

It also appears that there are no orders or resolutions in the records of the board of supervisors authorizing the issue of the warrants in question. It further appears that while the warrants are issued nominally to Samuel Boggs, payable to him or bearer, he being nominal contractor for said buildings, yet the relator was the real party in interest,

PACK v. SUPERVISORS OF PRESQUE ISLE COUNTY.

informed of all the facts, and that the warrants were delivered to his own agent.

Under these circumstances we are not disposed to discuss the question when the county of Presque Isle was organized, or to enter upon the examination of the other questions concerning the townships.

A *mandamus* will not issue to enforce any doubtful right. The answer, for the purposes of the present controversy, is taken as true; and if true, it shows that these warrants were issued without authority, to a party having notice of their invalidity, and for a purpose which was illegal. It cannot be claimed, as this record stands, that the county buildings were lawfully contracted for, nor that the county seat had been removed, if the county itself was in existence. There has been no legislative recognition of the removal, and even if lawfully removed, the contract for buildings for more than one thousand dollars was unauthorized.

Acting upon this answer as admitted, we must deny the *mandamus*, with costs against the relator.

COOLEY, CH. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.