EX REL. WARREN S. ABELS V. THE BOARD OF SUPERVISORS
OF INGHAM COUNTY.

*Private detectives—Claims for services—Constables.*

Acts 217 of 1859 and 55 of 1873 are invalid in giving the members
   of voluntary detective associations the powers of constables and
   authorizing them to require the assistance of the regular police.
Private detectives, organized in voluntary associations under Comp.
   L., ch. 126, cannot compel the supervisors to allow their claims
   for voluntary services in pursuit of criminals.
The Constitution of Michigan contemplates that persons vested with
   the powers of constables shall be selected by the people at
   regular elections.

MANDAMUS. Submitted Jan. 20.    Denied Jan. 21.

*John C. Shields* for the writ.

PER CURIAM. The relator asks for a mandamus to
compel the supervisors to audit and allow certain claims
which he has presented to them for services as a detect-
ive in the discovery and apprehension of a criminal. It
is not claimed that the relator, at the time of the per-
formance of the services, held any public office or was
lawfully entitled to make the arrest except as he was
authorized by being a corporator in a detective associa-
tion incorporated under the laws of the State.

The act of 1859 (Comp. L., ch. 126) authorized the
voluntary incorporation of companies for the detection
and apprehension of horse thieves and other felons. As
amended in 1873, it provides that the incorporation
"shall have power to call to their aid the peace officers
of this State in accordance with law, in the pursuit
and apprehension of felons and reclaiming stolen prop-
erty; and each and every one of the members of such
company, when engaged in arresting offenders against
the criminal laws of this State, shall be entitled to all
the protection, rights, and privileges of constables, when

so engaged." Public Acts 1873, 'p. 57, § 9. The act provides for no supervision by any public authority of the proceedings to incorporate these bodies, and any number of persons, not less than ten, may elect, themselves corporators. It is as a member of one of these bodies that the relator claims to have performed the services for which he asks compensation.

It can hardly, we think, be seriously contended that any individuals can thus be authorized to elect themselves public officers and assume authority over the regular police force of the State. However honestly and beneficially the power might be exercised generally, the fact could not be concealed or disguised that the authority is as susceptible of a felonious use as an honest one, and that the criminal classes can as easily organize under it for the purpose of employing the machinery of the law in their schemes as can law-abiding citizens for the purpose of punishing wrongs. If the acts referred to are valid to the full extent, the persons associating are to all intents and purposes clothed with the powers of constables for the arrest of persons accused of crime, and may supersede the regular officers in the performance of their regular duties. But the Constitution contemplates that persons clothed with such powers shall be selected by the people in regular elections. What is said in *Ames v. Port Huron etc. Co.*, 11 Mich., 139, is in point here.

We make no question that relator performed valuable services honestly, but he performed them as a private citizen, and the board have full discretionary authority to make such allowances as they may think proper. But they are not legally compellable to make any.

The writ will be denied.