ELIZA W. BROWNELL, RELATOR v. THE BOARD OF SUPER-
VISORS OF GRATIOT COUNTY.

*Mandamus to provide for payment of ditch orders.*

A person who claimed to be the holder and owner of certain ditch
orders asked for a writ of mandamus to compel the board of super-
visors to provide for their payment. The board answered that they
had no knowledge as to whether the relator was holder and owner
of the orders as claimed. *Held* that the answer was proper; and that
relator would not be entitled to the writ unless her right to the
orders was admitted or proved.

Mandamus proceedings to compel the payment of ditch orders, if begun
by a person not entitled thereto, would not bar a subsequent action
by the rightful owner, and the title of the relator must therefore be
admitted or proved for respondent's protection.

The county drain law allows the re-assessment of ditch taxes where
they have been set aside. *Held* that a purchaser of State lands, who
had had the ditch taxes thereon vacated, would not be granted the
discretionary writ of mandamus to compel the board of supervisors
to provide for the payment of ditch orders in his possession, nor
would such writ be granted to a person holding such orders under
him.

Whether the purchasers of State lands on which ditch taxes have been
assessed can have such taxes set aside—Q.

MANDAMUS. Submitted Oct. 11. Decided Oct. 31.

*Spaulding & Cranson* and *I. P. Christiancy* for relator.

*C. J. Willett* and *Benton Hanchett* for respondent. The
burden rests on the relator to make his case as stated in his
petition, both on the law and facts; and where respondent
denies any knowledge of the facts set up in the petition, or
any portion, it puts the relator to his proofs, and the answer
must be taken as true: High's Ext. Legal Rem. §§ 461-2-3;
*State v. Elwood* 11 Wis. 17; *School District v. Ryan* 17
Mich. 159; *Hosier v. Higgins Township Board* 45 Mich.
340; mandamus is a writ resting in the sound discretion of
the Court, and will not issue after long delay and when the

circumstances surrounding the matter have changed so that the commands of the writ cannot equitably be carried out: *People v. Hatch* 33 Ill. 9 ; *People v. Ulster* 16 Johns 59 ; *True v. Melvin* 43 N. H. 503 ; Dill. Mun. Corp. § 694.

MARSTON, J. The relator asks for a *mandamus* to compel the respondent board to provide for the assessment and collection of a sum sufficient to pay certain ditch orders issued in the years 1871, '2 and '3 by the drain commissioner of that county.

The case has been submitted upon petition and answer. The relator in her petition represents that she is the holder and legal owner of certain orders, copies of which are annexed thereto. The respondents in their answer say they have no knowledge as to whether the relator is holder and owner of the orders as claimed. Now whether the relator was the holder and legal owner of these orders or not, was a fact that could not well be within the knowledge of the respondent, and the answer setting forth a want of knowledge on that subject was proper. The relator however is not entitled to the writ unless her right to the orders is either admitted or proved. This would seem to be a self-evident proposition, and such admission or proof is necessary for the protection of the person or municipality claimed to be liable thereon. If the relator is not the owner this proceeding would be no bar to an action hereafter commenced by the rightful owner. *People v. Ryan* 17 Mich. 160.

There is another peculiarity in this case that should not be passed in silence. These orders were all issued, with one exception, payable to John Scriven or bearer, and were presented for payment, some on and others shortly after the date of issue. At what time the relator became the holder thereof, if she ever did, is not alleged in her petition, which is verified by Mr. Scriven. It is set forth in the petition that the sum of $1860.91 was reported by the drain commissioner to the Commissioner of the State Land-office as having been assessed on certain lands owned by the State, and that the sum so reported was by the latter entered in

the books of his office against the several descriptions so assessed. This was in accordance with the provisions of section 9 of the county drain law, which farther provides that no patent shall issue for such lands until said drain taxes are paid or otherwise provided for. 1 Comp. L. § 1753.

The relator also sets forth in her petition that by a decree of the circuit court for the county of Gratiot in chancery, made on the 23d of August, 1879, in a suit therein commenced by John Scriven, the purchaser of said State lands, as complainant, against the Commissioner of the State Land-office, the county of Gratiot and the drain commissioner of said county as defendants, such assessment on said State lands was declared illegal and void, and the taxes were annulled and set aside, and that no appeal was taken from said decree, and that in pursuance thereof these lands were afterwards patented by the State to said Scriven without payment of said taxes or any part thereof.

By section fifteen of this same drain law, where taxes levied are reported back by the Auditor General, or set aside by any court of competent jurisdiction, it is made lawful for the supervisor of the proper township to reassess said tax on the same land where such drain has been made. 1 Comp. L. § 1759.

In view of these provisions of the statute, of the facts set forth in the relator's petition, verified by Scriven, and for aught appearing that Scriven was the owner of such orders at the time of the chancery proceedings referred to, it is apparent that Scriven, or any person claiming under him, could not with very good grace come into this Court and ask that a discretionary writ should be issued as prayed for in the present case.

It is at least exceedingly doubtful whether under this legislation it was even contemplated that parties could purchase State lands against which taxes had been entered up, and then have the same set aside. Where however the holder of the orders makes such a purchase, files a bill and has the taxes set aside, and where the law in such a case pro-

vides for a reassessment upon the same lands, we do not well see what benefit the common owner of the lands and orders can derive from the writ as prayed for; and it does not appear that the present relator stands in any better position than Scriven would. There may be cases where the purchaser of State lands would have this right, but such could not be the general rule, and the petition in this case does not show any such right.

The writ must be denied with costs.

The other Justices concurred.