HENRY ZINK, DRAIN COMMISSIONER, v. THE BOARD OF SUPERVISORS OF MONROE COUNTY.

*Drains—Authority of commissioner to employ counsel and clerical assistance—Board of supervisors—Rejection of charges.*

1. A township drain commissioner is not authorized to employ an attorney to assist him in the performance of his duties at the expense of tax payers, and a charge for expenses thus incurred is properly rejected by the board of supervisors under sections 3 and 4 of chap. 6 of Act No. 227, Laws of 1885.

2. If a township drain commissioner employs clerical assistance in the performance of his official duties, the necessity for such work must appear before it can be charged for, and such charges must be brought within the statutory limits before they can be held to be lawfully authorized; and in the absence of such showing such charges are properly rejected by the board of supervisors.

Application for *mandamus* to compel respondent to convene, and authorize the assessment of a drain tax. Submitted

January 13, 1888.    Denied January 19, 1888.    The facts are stated in the opinion.

*Ira G. Humphrey,* for relator.

*C. A. Golden,* prosecuting attorney, for respondent.

SHERWOOD, C. J.   This is an application to this Court for a writ of *mandamus,* requiring the respondents—

" To convene, and order to be raised by tax, in the township of Exeter, in said county of Monroe, the entire sum of $2,008 upon the lands, and in accordance with the drain special assessment roll of Swan Creek drain in said township, and that such other order may be had in the premises as justice may require."

The relator shows by his petition that as drain commissioner, in the summer and fall of 1886, he laid out, established, and constructed a drain in the township of Exeter, about six miles long, according to law; that he, not being familiar with the requirements of the statute upon the subject, sought and obtained the services of a lawyer to give him proper directions in the discharge of his duties in the premises, and also employed two persons to make copies of the necessary papers in the matter, who performed such service, and did some other needed work in laying out the drain.

That for laying out, establishing, and constructing such drain, and the costs and expenses therefor, he made a special assessment roll, assessing upon the several descriptions of land contained therein $2,008; and that among the items composing this sum were the fees of the attorneys he employed to assist him, to the amount of $70, and also $72 for the services of the other two persons employed by him.

That the costs and expenses of said drain, including the last two items mentioned, were audited and allowed by the township board; and that the assessment roll was by the clerk of the town laid before the supervisor, who presented

it to the board of supervisors of the county at their October session in 1887, properly certified to, to be approved and levied for said drain, and that said board deducted from said roll $60 of the said attorneys' fees, and $72 for the charges of the other two persons, and ordered the balance to be assessed as costs and expenses of the drain.

The respondent demurs to the petition.

The petitioner claims—

1. That the board of supervisors had no authority to review the proceedings of the township board in auditing and allowing the items rejected; that their allowance or disallowance was a matter within the discretion of the township, and not subject to review.

2. That the drain commissioner was a township officer, and that the board of supervisors have no authority to audit, allow, or review the accounts of such officers the discharge of whose duties are confined within the limits of the township; that it was the duty of the board of supervisors, when they found the proceedings regular, and according to the statutes, in constructing said drain and making the assessment roll, and that the same were properly certified to the board, to have ordered the amount to be raised upon said special assessment roll.

The record raises the single question, were the rejected amounts such as are authorized to be raised by law? If they were, they should have been ordered assessed and collected; if not, the action of the board of supervisors was proper.

The board of supervisors must determine whether or not the taxes upon the roll appear to be authorized by law, and, if they err in such determination, it is the privilege of the person injured to have the error corrected.

We think, however, the board of supervisors did not err in the action complained of. The drain statute (Act No. 227, chap. 9, § 3, Laws of 1885) contains this provision:

"It shall be the duty of the Attorney General to draft, or cause the same to be done under his supervision, a complete set of all the blank forms that may be used or required under the provisions of this act; and it shall be the duty of the

Secretary of State to publish a sufficient number of copies of this act in pamphlet form, with an annotation of Supreme Court decisions, and an index thereto, and an appendix containing a copy of all such blank forms."

It evidently contemplates, with these forms before him, the commissioner will possess the necessary information to discharge his duties without further aid; and there is no provision of the statute authorizing him to employ the assistance of attorneys or counsel, at the expense of the tax payers, in the special assessment roll.

In regard to the charges made for the employment of the other persons named for writing, this may or may not have been in doing the necessary work in laying out, establishing, and completing the drain; but when such work is necessarily done by another than the commissioner, not only the necessity for it must appear before it can be charged for, but the charges must be brought within the limits prescribed by statute before they can be held to be lawfully authorized. These things were not made to appear before the board of supervisors, and their action must be sustained in regard to them.

The motion for *mandamus* will therefore be denied, and the petition of the relator dismissed, with costs.

The other Justices concurred.