| 87 237 |
| 99 33 |

## LEVI W. HAINES v. THE BOARD OF SUPERVISORS OF THE COUNTY OF SAGINAW.

*Mandamus—Accounting—Trial of issues—Reference.*

1. The determination of the issues presented by the pleadings in this case involves an investigation of long accounts between the township and county, and a reference is ordered to the circuit court of Saginaw county, to the end that the account may be stated, and the facts submitted in a form which will not require the time and attention of the Supreme Court in investigating the array of figures presented.

2. It is further held that this is a case which may properly be referred by the circuit court to a referee under How. Stat. § 7378.

*Mandamus.* Argued June 30, 1891. Case remanded for trial of issues July 28, 1891.

Relator applied for *mandamus* to compel the respondent to allow the township of Thomastown a certain credit, and to provide for its payment. The facts are stated in the opinion.

*Wisner & Draper* (*Hanchett, Stark & Hanchett,* of counsel), for relator.

*L. C. Holden* (*George W. Davis,* of counsel), for respondent.

PER CURIAM.    This is a petition for *mandamus* to
compel the county of Saginaw to allow the township of
Thomastown a credit for $1,830.48 and interest, and to
provide for the payment thereof.    The claim grows out
of charges claimed to have been made against the town-
ship by the county of Saginaw under Act No. 169, Laws
of 1869.

It appears that at the April term of this Court, in
1886, a petition was filed by the Auditor General against
the supervisors of the county of Saginaw, to compel that
county to apportion $96,046.01 among the several town-
ships of that county, and to collect the same, and cause
that amount to be paid over to the State.    It was
claimed that that amount was due to the State from the
county of Saginaw upon annual statements made and
rendered to the county for payment and settlement from
the years 1875 to 1885, inclusive.    It appeared that a
large portion of this claimed balance due to the State
arose under the act of 1869.    It was held that the losses
arising under these five-year lists could not be charged
back to the county, and that such losses must fall upon
the State.[1]    It appears from the petition in this case
that Saginaw county never paid over to the State the
moneys so charged back.    The petition, however, alleges
that the county each year, as it was charged with the
above losses, charged over against the township of
Thomastown its proportion thereof, amounting in all to
the sum of $1,830.48, and which it is claimed the town-
ship has paid over to the county, and it is to compel the
payment of this that the petition is filed.

The respondent by its answer denies that this amount
has ever been paid by the township to the county, and
claims that the township is indebted to the county in

---

[1] See *Auditor General v. Supervisors of Saginaw Co.*, 62 Mich.
579, 591.

large sums of money, which has never been settled for or paid. The answer sets up what is claimed to be the state of the account between the county and township.

The relator presents a replication to the answer, bringing in certified copies of the records of the county and township, which he claims show the state of the account between the county and township, which materially differs from the state of the account as claimed by the respondent.

Issues are thus made which cannot be determined upon the papers as now presented. If the issues could thus be determined, it would involve the investigation of these accounts and an array of figures which we do not feel called upon to investigate upon an application for a *mandamus*.

The whole matter will be remanded to the circuit court for the county of Saginaw upon the issues made by the pleadings, to the end that the account may be stated between the county and township, and the facts settled presented to this Court in a form which will not require the time and attention of this Court to investigate the array of figures which is now presented.

We think it is a case which may properly be referred by the circuit court to a referee under the provisions of How. Stat. § 7378.