JOSIAH H. GIBBS v. SCHOOL-DISTRICT No. TEN,
FRACTIONAL, OF THE TOWNSHIP OF COLFAX.

*School-districts—Issue of bonds—Bona fide purchaser.*

1. The purchaser of a school-district bond need look no further back than its face for the facts which show a compliance with the statute under which it is issued.

· 2. The failure of the director of a school-district to keep a record of the order of the district board directing him and the moderator to issue a school-district bond will not affect the title of a *bona fide* holder of the bond, where the fact of the making of said order is recited upon the face of the bond.

3. Where the statute makes the district board, who are empowered to issue the bond, the body to determine when the statutory facts authorizing its issuance exist, which facts appear upon the face of the bond issued by their direction, the district cannot defend as against a *bona fide* holder upon the ground that the law was not complied with previous to the determination of the district board to issue the bond.

Error to Mecosta. (Palmer, J.) Submitted on briefs October 9, 1891. Decided November 13, 1891.

Debt. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Dumon & Cogger,* for appellant.

*M. Brown,* for plaintiff.

CHAMPLIN, C. J. This action was brought to recover the amount of a certain bond issued by defendant school-district, as follows:

"No. 1. ISSUE OF THREE HUNDRED DOLLARS. $300.00.
"*State of Michigan, County of Mecosta.*

"SCHOOL-DISTRICT No. 10, FRACTIONAL, OF THE TOWN-SHIP OF COLFAX.

"School-district No. 10, fractional, of the township of

Colfax, county of Mecosta, State of Michigan, hereby acknowledges itself indebted in the sum of three hundred dollars, lawful .money of the United States of America, bearing interest at the rate of eight per cent. per annum from the date hereof, payable annually, and said sum of money the said school-district hereby promises to pay to the holder hereof on the fifth day of April, A. D. 1889, the interest aforesaid to be paid annually from date, according to interest coupons hereto annexed, and both principal and interest payable at the Northern National Bank, Big Rapids, according to a loan authorized by a two-thirds vote of the qualified voters of said school-district, at a special school meeting held at the school-house in said district at 7 o'clock P. M. on the twenty-ninth day of September, A. D. 1885, in accordance with sections 15 and 16 of chapter 2 of Act No. 164, Session Laws of 1881.

"In testimony whereof the moderator and director of said school-district have, by the order and direction.of the district board of said school-district, officially hereunto subscribed their names and the corporate name of said school-district, and executed this bond, at Rodney, Mecosta county, this fifth day of November, A. D. 1885.

"SYLVESTER BURDICK, Director.

"WILLIS WOOD, Moderator."

Four interest coupons were attached. There was no denial of the execution of the bond under oath filed with the plea.

The defense upon the trial relied upon the records of the school-district board failing to show any legal authority for the issue of the bond. The records of the school-district showed that there was what was claimed to be a special meeting held on the 29th day of September, at the time stated in the bond, and that some action was taken at that meeting with reference to the issue of such bond.

Under the statutes of this State school-districts having less than 30 children between the ages of 5 and 20 years are authorized, when lawfully assembled, by a two-thirds vote of those present, to issue the bonds of the school-

district for the purpose of paying for a school-house site,
and for the purpose of erecting and furnishing a school-
house building, such bonded indebtedness not to exceed
$300. In school-districts having 30 children of like age
they may have a bonded indebtedness not to exceed $500;
and the statute proceeds to grade the amount of indebt-
edness according to the number of scholars, until it shall
not exceed $30,000. The statute also provides:

"Whenever any school-district shall have voted to bor-
row any sum of money, the district board of such district
is hereby authorized to issue the bonds of such district,
in such form, and executed in such manner, by the
moderátor and director of such district, and in such
sums, not less than fifty dollars, as such district board
shall direct, and with such rate of interest, not exceed-
ing eight per centum per annum, and payable at such
time or times, as the said district shall have directed."
How. Stat. §§ 5103, 5104.

Purchasers of municipal bonds are bound to know the
extent and limitations upon the authority of the corpo-
ration to issue the bonds. They are bound, in other
words, to know the law under which the authority is
exercised. Purchasers of such securities have a right to
rely upon all facts asserted or appearing upon the face
of the bonds made by any person or body authorized by
law to pass upon and determine the facts.

In purchasing this bond the purchaser was bound to
know that school-districts have no authority to issue
bonds except for the purposes specified in the statute,
and that their authority is limited by the number of
scholars between the ages of 5 and 20 years then residing
in the district; that there must be a two-thirds vote of
the qualified electors in favor of their issue. The pur-
chaser is chargeable with knowledge of the prerequisites
of a legal special meeting, and of the provisions for a
board of inspectors and their duties, and of the require-
ment that the vote shall be by ballot.

The recitals in this bond are made by the director and moderator, who compose a majority of the school board. Neither the school board nor the moderator and director are authorized to issue the bonds unless voted by the district at a lawful meeting; and, under section 5104, before the board can act, they have a function to perform, in its nature somewhat judicial, and that is as to their own authority to issue the bonds. The statute limits that authority to bonds voted by the school-district, and consequently the question whether the proceedings to vote such bonds are such as will authorize the board to issue them must be passed upon by the board. A purchaser of the bonds, therefore, need look no further back than the face of the bonds for the facts which show a compliance with the law.

We think the assertion appearing upon the face of the bond is sufficient evidence to an innocent purchaser that the board ordered and directed the bond to be issued. The officers signing the bond are two of the three officers who constitute the board, and the director is the officer who the statute requires shall make a record of the proceedings of all district meetings and the orders, resolutions, and other proceedings of the board. It matters not, therefore, that the records kept by the board do not show the order of the board to execute the bond. The title of a *bona fide* holder of the bond cannot be defeated by a neglect to enter the order in cases where the face of the bond, upon which he has a right to rely, recites the fact that such order was made.

This case is not controlled by *Spitzer v. Village of Blanchard*, 82 Mich. 234. In that case there was a limitation upon the authority to borrow money in excess of a certain percentage upon the taxable property. In that

case the law did not designate any body or board to pass upon the facts, and only permitted the bonds to be issued for "loans lawfully made." The bonds could only be issued upon the vote of the electors, and the bonds did not recite that such a vote was taken. In that case (p. 244) we said that,—

" Where there is a total want of power, under the law, in the officers or board who issue the bonds, then the bonds will' be void in the hands of innocent holders, the distinction being between questions of fact and questions of law. If it is a question of fact, and the board or officers are authorized by law to determine the fact, then their determination is final and conclusive. And although it may be contrary to the fact, yet, if recited in the bond that the necessary and proper steps required by law to be taken had been taken, then the municipality is estopped from denying that they were taken."

The law under which these bonds were issued authorized the school board to issue them, and made that board the body to determine when such facts existed; and hence when the bonds were issued by their order, that fact appearing upon the face of the bond, a *bona fide* holder is entitled to recover, and, as against him, the district is not allowed to defend upon the ground that the law was not complied with previous to their determination to issue the bonds. The law having placed that responsibility with the district board, the school-district, if defrauded, must seek its remedy against such board.

The judgment is affirmed.

MCGRATH, LONG, and GRANT, JJ., concurred.