LEVI W. HAINES v. THE BOARD OF SUPERVISORS OF SAGINAW COUNTY.

[See 62 Mich. 579; 87 Id. 237.]

*Taxes—Accounting between county and township—Mandamus.*

1. The tax law of 1869, in so far as it provided for the sale to the highest bidder of all State tax lands remaining unsold for five years after they were bid in by the State, and the charging to the proper county of the loss, if any, arising on such sale, was

prospective in its operation, and did not apply to lands bid in by the State prior to its passage.[1]

2. Reference having been ordered to the circuit court of Saginaw county to ascertain and determine whether the county of Saginaw charged to the relator's township any sum for losses sustained on the sale of State tax lands under the tax law of 1869, and, if so, the amounts, and what part thereof, if any, the township had paid to the county, and whether the sums so paid had been repaid to the township, the finding of said court that there remains unpaid to said township the sum of $1,830.48, on account of losses paid by it to the county, is affirmed, and a writ of *mandamus* is granted to compel the repayment of said sum to said township.

*Mandamus.*   Argued January 4, 1894.   Granted February 12, 1894.

Relator applied for *mandamus* to compel respondent to allow the township of Thomastown a certain credit, and to provide for its payment   The facts are stated in the opinion, and in 87 Mich. 237.

*Hanchett, Stark & Hanchett,* for relator.

*Lawson C. Holden* (*G. W. Davis,* of counsel), for respondent.

LONG, J.   This is a petition for *mandamus,* and was in this Court at the June term of 1891, and is reported in 87 Mich. 237.   An order was then entered, referring the cause to the circuit court for the county of Saginaw to ascertain and determine the following questions of fact:

1. Whether the county of Saginaw charged to the township of Thomastown any sums for losses sustained by the State arising under section 124 of Act No. 169 of the Laws of 1869, and, if said sums were charged, the dates and amount so charged.

2. Whether said township of Thomastown paid to said county of Saginaw said sums so charged to it, or any part

[1] See *Auditor General v. Supervisors,* 76 Mich. 295, and cases cited.

thereof, and, if so, when and what amounts, and in what manner.

3. Whether the county of Saginaw has ever repaid to said township of Thomastown said sums so paid by it (the township of Thomastown), or any part thereof.

That court has certified back the findings upon these questions as follows:

1. That the county of Saginaw did charge to the township of Thomastown certain sums for losses arising under said section, to the amount of $3,014.35, and that there was· credited back to the township by the county $1,183.87, leaving a balance of $1,830.48 charged to said township for said losses.

2. That· the township of Thomastown did pay to the county of Saginaw said amount of $1,830.48 out of the credits which it had with said county, and also by reason of the delinquent tax returns, and that all of said sums were so paid to the county prior to January 1, 1877; that said amounts were paid by being charged upon the debit side of the account of said township with the county, and deducted from the credit side of the account, in the same manner that State and county taxes and other matters ·charged to said township were paid; that said charges for losses under Act No. 169 were recognized as proper charges by the township authorities as late as the year 1873, by the township raising taxes to pay balances due the county.

3. That ·the county has not repaid said sum of $1,830.48, ·or any part thereof.

Upon the hearing in the court below, counsel for respondent submitted other questions of fact to be found by the court, which, it was claimed, would reduce by set-off the amount claimed by the township. The court took these questions into consideration, and, after a careful examination of them, has reported back to this Court, in substance, that he finds nothing in these questions which should reduce the amount owing by the county to the township.

It would be of little avail to go over, in detail, the various items of account which entered into this controversy,

or the reasons given by the court below which moved him to the conclusion reached. After a careful reading of the briefs of counsel and the findings of the court and the record presented, we are of the opinion that the court below reached the correct conclusion; and that the writ of *mandamus* must issue as prayed, with costs to the relator.

The other Justices concurred.