CHEMICAL BANK & TRUST CO. *v.* COUNTY OF OAKLAND.

1. COURTS—SUPREME COURT—MANDAMUS.
   The Supreme Court has power to issue writ of mandamus and to hear and determine the same (Const., art. 7, § 4).

2. SAME—SUPREME COURT—JURISDICTION—MANDAMUS.
   Jurisdiction of Supreme Court in mandamus cases is not statutory, but plenary, and supervision is given over all inferior tribunals by the Constitution (Const., art. 7, § 4).

3. MANDAMUS.
   Mandamus will issue where right is clear and specific and public officers or tribunals refuse to comply with their duty.

4. SAME—INADEQUACY OF REMEDY.

Inadequacy, not mere absence, of all other legal remedies, and danger of failure of justice without it, usually determines propriety of issuance of writ of mandamus; relief being granted if practicable.

5. SAME—SUPREME COURT—TAXATION.

Mandamus proceedings were properly instituted in Supreme Court by creditor to compel board of supervisors to spread a tax sufficient to meet requirements for debt service.

6. LEGISLATURE—RATIFICATION.

While the legislature cannot make valid, retrospectively, what it could not originally have authorized, if an act could have been lawfully done under precedent legislative authority, it may subsequently be ratified.

7. SAME—VALIDATION ACT—TAX ANTICIPATION NOTES.

Validation of tax anticipation notes issued by board of supervisors by subsequent act of legislature renders question of board's power as of time of issuance immaterial (Act No. 26, Pub. Acts 1931, § 3).

8. BONDS—MUNICIPAL CORPORATIONS—OFFICERS.

Municipal bonds issued by board or officers totally wanting in power to do so are void in hands of innocent holders.

9. SAME—MUNICIPAL CORPORATIONS—QUESTIONS OF FACT.

Purchasers of municipal bonds are charged with knowledge of extent and limitations upon authority of issuing corporation but they may rely upon assertions of fact appearing on the face thereof made by duly authorized person or body.

10. SAME—REFUNDING BONDS—RECITALS—ESTOPPEL—MUNICIPAL CORPORATIONS—OFFICERS.

Municipality is estopped from asserting falsity of recitals in refunding bond that all conditions precedent requisite to issuance thereof had been done in due form as required by law and that indebtedness incurred was within statutory and constitutional limitations, where determination of such facts has been made by duly authorized board or officers and bond itself does not disclose falsity of such recitals.

11. SAME—REFUNDING BONDS—QUESTIONS OF FACT—MUNICIPAL CORPORATIONS.

Determination of fact by State treasurer and loan board as statutory prerequisite to issuance of municipal refunding bonds under Act No. 26, Pub. Acts 1931, §§ 2 and 2a, cannot be inquired into by Supreme Court.

12. LEGISLATURE—DELEGATION OF POWER.
    Legislative power may not be delegated.

13. SAME—STATUTES—QUESTIONS OF FACT.
    Statutes requiring municipal officer to make statement as to financial affairs of municipality to State treasurer, requiring the latter to issue his certificate as to compliance of proposed refunding bonds with statutory prerequisites to their issuance, and transferring State treasurer's duty to loan board and making the latter's decision on matters of fact final, is not attempt to delegate legislative power but merely the power to determine facts (1 Comp. Laws 1929, §§ 2697, 2698; Act No. 26, Pub. Acts 1931, § 2a).

14. OFFICERS—PUBLIC OFFICERS—EX OFFICIO SERVICES—COMPENSATION.
    *Ex officio* services are those imposed by law upon a public officer by virtue of his office, relating to public interests as contradistinguished from those relating to private interests; and for which no remuneration is allowed.

15. SAME—ATTORNEY GENERAL—DEPUTY.
    Where statute (Act No. 26, Pub. Acts 1931, § 2a) designates attorney general as member of loan board, he is *ex officio* a member of said board and deputy attorney general had a right to act thereon by virtue of 1 Comp. Laws 1929, § 184.

16. TAXATION—CONSTITUTIONAL LAW.
    Constitutional amendment limiting tax rate on property does not bar spreading of tax to meet payments on county refunding bonds as it comes within provision excepting taxes levied for previously incurred obligations and requiring separate assessment (Const., art. 10, § 21).

17. STATUTES—CONSTITUTIONAL LAW—LEGISLATURE—DELEGATION OF POWER.
    Act No. 142, Pub. Acts 1931, § 6, subd. c, permitting municipality to refund tax anticipation notes by issuance of refunding bonds upon approval of board consisting of State treasurer, attorney general, and auditor general does not violate article 5, § 1, of the Constitution, vesting legislative power in State legislature.

18. SAME—CONSTITUTIONAL LAW—TAXATION.
    Act No. 142, Pub. Acts 1931, § 6, subd. c, providing that municipality, in order to refund tax anticipation notes "at the expiration of the maximum time for which such notes can be

renewed under other provisions of law,'' may apply for further relief to board consisting of State treasurer, attorney general, and auditor general does not violate article 10, § 6, of the Constitution, requiring tax law to distinctly state the tax and declaring reference to any other law to fix tax to be insufficient.

19. Mandamus—Taxation.

Writ of mandamus will issue to require spreading of tax to repay money received, used, and remaining unpaid, where the amount is liquidated and there is no dispute about the corporate records underlying the same.

Mandamus by Chemical Bank & Trust Company, a New York corporation, to compel County of Oakland, a municipal corporation, and others to spread a tax to meet payment on refunding bonds. The Attorney General intervened on behalf of the State of Michigan, a bondholder. Submitted November 7, 1933. (Calendar No. 37,510.) Writ granted November 21, 1933. Rehearing denied December 6, 1933.

*Anderson, Wilcox, Lacy & Lawson* (*Clarence E. Wilcox* and *C. J. Huddleston*, of counsel), for plaintiff.

*Patrick H. O'Brien*, Attorney General, and *Ira Z. Acoff*, Assistant Attorney General, for intervener.

*Arthur P. Bogue*, Prosecuting Attorney, and *Robert D. Heitsch*, Assistant Prosecuting Attorney, for defendants.

*Miller, Canfield, Paddock & Stone*, amici curiæ.

Potter, J. Plaintiff seeks mandamus to compel defendants to spread upon the taxable property in the county of Oakland a tax sufficient to pay it the sum of $200,000 which it claims to be due from the county. It is the owner of $500,000 in par amount of refunding bonds of the county of Oakland dated

December 1, 1931. It applied to defendants to spread a tax sufficient to pay the amount due it, $200,000, and defendants refused to spread the tax. Defendants admit they have refused to include in the 1934 budget in the debt service of the county an item of $200,000 to cover the debt set up in plaintiff's petition, and that such action was taken October 13, 1933, at a regular meeting of the board of supervisors of the county. Defendants deny it is the legal duty of the board of supervisors to include such item in the taxes to be levied. They claim they have no right or power under the laws of Michigan to include the item in the budget or cause it to be spread on the tax roll. They claim that under date of February 2, 1931, the county of Oakland issued $1,000,000 in tax anticipation notes; that such notes were issued entirely without authority of law; that the bonds issued, part of which are involved in this proceeding, were issued without authority of law; that the county of Oakland had no right to refund the million dollars of tax anticipation notes which it had issued; that the issuing of the $1,000,000 in par amount of refunding bonds by the county of Oakland was the creation of a new obligation of the county and wholly without authority. They assert that the loan board provided to be created by Act No. 26, Pub. Acts 1931, § 2a, and the exercise by it of its prescribed powers and duties is unconstitutional because the statute provides for the delegation of legislative power to the loan board in violation of the Constitution; and the action taken by the loan board in approving the issuance of the bonds involved herein is void because the deputy attorney general, instead of the attorney general, acted thereon without authority. They further

claim the indebtedness contracted was in violation of the constitutional limitation on the bonded indebtedness of the county provided by the Constitution, art. 10, § 21, effective December 8, 1932. Other questions are raised and will be considered:

(1) Defendants claim plaintiff has no right to bring an original action of mandamus in this court against defendants. Section 4 of article 7 of the Constitution provides:

"The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, *habeas corpus,* mandamus, *quo warranto, procedendo,* and other original and remedial writs, and to hear and determine the same. In all other cases it shall have appellate jurisdiction only."

Section 13535, 3 Comp. Laws 1929, provides:

"The Supreme Court * * * shall have power to issue writs of error, certiorari, *habeas corpus,* mandamus, *quo warranto, procedendo,* prohibition, *supersedeas,* and all other original and remedial writs which may be necessary for the due execution of the law and the administration of justice, and the full and perfect exercise of its jurisdiction, and to hear and determine the same."

"The jurisdiction of this court in mandamus cases is not statutory, but plenary, and supervision is given over all inferior tribunals by the Constitution, art. 6, § 3 (1850)." *Tawas & B. C. R. Co.* v. *Iosco Circuit Judge,* 44 Mich. 479, 483.

"In cases where the right is clear and specific, and public officers or tribunals refuse to comply with their duty, a writ of mandamus issues for the very purpose, as declared by Lord Mansfield, of enforcing specific relief. It is the inadequacy, and not the mere absence, of all other legal remedies, and the

danger of a failure of justice without it, that must usually determine the propriety of this writ. Where none but specific relief will do justice, specific relief should be granted if practicable. And where a right is single and specific it usually is practicable." *People, ex rel. Township of La Grange,* v. *State Treasurer,* 24 Mich. 468, 477.

The jurisdiction of this court has been repeatedly exercised in similar cases. *People, ex rel. Kuhn,* v. *Board of Auditors of Wayne County,* 10 Mich. 307; *People, ex rel. Butler,* v. *Board of Supervisors of Saginaw County,* 26 Mich. 22; *People, ex rel. Mixer,* v. *Board of Supervisors of Manistee County,* 26 Mich. 422; *People, ex rel. Attorney General,* v. *Supervisors of St. Clair County,* 30 Mich. 387; *People, ex rel. Pack,* v. *Supervisors of Presque Isle County,* 36 Mich. 377; *People, ex rel. Abels,* v. *Board of Supervisors of Ingham County,* 42 Mich. 526; *Peck* v. *Board of Supervisors of Kent County,* 47 Mich. 477; *Brownell* v. *Board of Supervisors of Gratiot County,* 49 Mich. 414; *Davis* v. *Board of Supervisors of Ontonagon County,* 64 Mich. 404; *Zink* v. *Board of Supervisors of Monroe County,* 68 Mich. 283; *Haines* v. *Board of Supervisors of Saginaw County,* 87 Mich. 237; *Tinsman* v. *Board of Supervisors of Monroe County,* 90 Mich. 382; *Haines* v. *Board of Supervisors of Saginaw County,* 99 Mich. 32; *Attorney General, ex rel. Barnes,* v. *Board of Supervisors of Midland County,* 178 Mich. 513.

"Jurisdiction is given by the Constitution to this court to issue the writ of mandamus, and it is within the province of courts to restrain public bodies and officers of the municipal divisions of the State from exceeding their jurisdiction, and to require them to perform such specific duties as the law imposes upon them. *Attorney General* v. *Board of County Can-*

*vassers of Iron County,* 64 Mich. 607; *Coll* v. *City Board of Canvassers,* 83 Mich. 367. And the writ has often been exercised to compel such bodies or officers to reverse their decisions. *People, ex rel. Bristow,* v. *Supervisors of Macomb County,* 3 Mich. 475; *People, ex rel. Schmittdiel,* v. *Board of Auditors of Wayne County,* 13 Mich. 233." *Tennant* v. *Crocker,* 85 Mich. 328, 339.

(2) There was no impropriety in plaintiff instituting mandamus proceedings in this court.

(3) It is claimed the board of supervisors of Oakland County did not have power and authority to borrow the $1,000,000 upon the issuance of its tax anticipation notes on February 2, 1931. We need not discuss this contention, for the reason that Act No. 26, Pub. Acts 1931, § 3, provides:

"Notes heretofore issued in anticipation of the collection of delinquent taxes or special assessments are hereby declared to be legal and valid obligations of the county, township, city, village, or school district issuing the same as if issued or sold hereunder."

The legislature may, by subsequent act, validate and confirm previous acts of a municipal corporation otherwise invalid. If the act could have been lawfully performed or done under precedent legislative authority, the legislature may subsequently ratify it and give it effect. 1 Dillon, Municipal Corporations (5th Ed.), § 129.

"In the absence of special constitutional restrictions, the competency of the legislature to enact retrospective statutes to validate an irregular or defective execution of a power by a municipal or public corporation, is undoubted. * * * Subsequent legislative sanction within constitutional limits is equivalent to original authority." 2 Dillon, Municipal Corporations (5th Ed.), § 948.

"The whole may be summed up in a single sentence: that the legislature cannot make valid, retrospectively, what they could not originally have authorized." *People, ex rel. Butler,* v. *Board of Supervisors of Saginaw County, supra.*

"If they could have authorized this in advance, they can equally ratify and legalize the act when done, and that without any reference to the question, whether the board had jurisdiction at the time of doing the act." *People, ex rel. Bristol,* v. *Board of Supervisors of Ingham County,* 20 Mich. 95, 103.

(4) The tax anticipation notes of February 2, 1931, recited:

"This note is one of a series of 35 notes of like date, tenor, and effect, differing only in note numbers and amounts aggregating $1,000,000, and is issued in anticipation of the collection of taxes levied in the year 1930 for the general fund of the county and anticipated to be collected in the year 1931, and for the payment of this note and interest the full faith and credit of the county of Oakland, State of Michigan, is hereby irrevocably pledged.

"It is hereby recited and certified that all acts, conditions, and things required to be done precedent to and in the issuing of this note have been done in regular and due form as required by law, and that the indebtedness herein incurred does not exceed the statutory or constitutional limitations."

The refunding bonds recited:

"This bond is one of an issue of bonds of like tenor, except as to number and maturity, aggregating the sum of $1,000,000, and is issued for the purpose of refunding $1,000,000 worth of tax anticipation notes heretofore issued on February 2, 1931, and due and payable November 2, 1931, and this bond is issued pursuant to and in strict compliance with the Constitution and statutes of the State of

Michigan, particularly Act No. 273, Pub. Acts 1925, and amendments thereof.

"It is hereby certified, recited, and declared that all acts, conditions, and things required to exist, to happen, and to be performed, precedent to and in the issuance of this bond, exist, have happened, and have been performed in due time, form, and manner as required by law; and that the indebtedness herein incurred by said refunding bond issue does not exceed the statutory or constitutional limit.

"The full faith and credit of the county of Oakland, State of Michigan, are hereby irrevocably pledged to the prompt payment of principal and interest of this bond according to its terms, and due provision has been made for the raising annually by tax on all of the taxable property in said county a sum sufficient to pay the principal and interest of this bond as the same respectively become due and payable."

"Where there is a total want of power, under the law, in the officers or board who issue the bonds, then the bonds will be void in the hands of innocent holders, the distinction being between questions of fact and questions of law. If it is a question of fact, and the board or officers are authorized by law to determine the fact, then their determination is final and conclusive. And although it may be contrary to the fact, yet, if recited in the bond that the necessary and proper steps required by law to be taken had been taken, then the municipality is estopped from denying that they were taken." *Spitzer* v. *Village of Blanchard,* 82 Mich. 234.

"Purchasers of municipal bonds are bound to know the extent and limitations upon the authority of the corporation to issue the bonds. They are bound, in other words, to know the law under which the authority is exercised. Purchasers of such securities have a right to rely upon all facts asserted or appearing upon the face of the bonds made by any person or body authorized by law to pass upon

and determine the facts." *Gibbs* v. *School District,* 88 Mich. 334 (26 Am. St. Rep. 295).

In *Chaffee County* v. *Potter,* 142 U. S. 355 (12 Sup. Ct. 216), the rule is thus stated:

"The test is — What does each individual bond ·disclose? If the face of one of the bonds had disclosed that, as a matter of fact, the recital in it, with respect to the constitutional limitation, was false, of course the county would not be bound by that recital, and would not be estopped from pleading the invalidity of the bonds in this particular. Such was the case in *Lake County* v. *Graham* [130 U. S. 674 (9 Sup. Ct. 654)] and *County of Dixon* v. *Field* [111 U. S. 83 (4 Sup. Ct. 315)]. But that is not this case. Here, by virtue of the statute under which the bonds were issued, the county commissioners were to determine the amount to be issued, which was not to exceed the total amount of the indebtedness at the date of the first publication of the notice requesting the holders of county warrants to exchange their warrants for bonds, at par. The statute, in terms, gave to the commissioners the determination of a fact, that is, whether the issue of bonds was in accordance with the Constitution of the State and the statute under which they were issued, and required them to spread a certificate of that determination upon the records of the county. The recital in the bond to the effect that such determination has been made, and that the constitutional limitation had not been exceeded in the issue of the bonds, taken in connection with the fact that the bonds themselves did not show such recital to be untrue, under the law, estops the county from saying that it is untrue. *Town of Coloma* v. *Eaves,* 92 U. S. 484; *Town of Venice* v. *Murdock,* 92 U. S. 494; *Marcy* v. *Township of Oswego,* 92 U. S. 637; *Wilson* v. *Salamanca,* 99 U. S. 499; *Buchanan* v. *Litchfield,* 102 U. S. 278; *Northern Bank of Toledo* v. *Porter Township Trustees,* 110 U. S. 608 (4 Sup. Ct. 254)."

In *Gunnison County Commissioners* v. *Rollins,* 173 U. S. 255 (19 Sup. Ct. 390), the court declined to overrule *Chaffee County* v. *Potter, supra,* and reaffirmed and redeclared the rule stated therein.

The statutes prescribe how the facts constituting a prerequisite to the issue of these bonds shall be determined. It provides the State treasurer shall issue a certificate to that effect, and the finding or decision of the loan board shall be *final.* Act No. 26, Pub. Acts 1931, §§ 2, 2a.

The statutes authorize the issuance of the bonds when the facts or existing state of things warrant. In accordance with the principles established by the decisions above quoted, such finding of facts,—such decision of the loan board,—on the facts, cannot here be inquired into. The county is estopped from so doing by the recitals on the face of the bonds, above quoted.

(5) Legislative power may not be delegated. 1 Cooley, Constitutional Limitations (6th Ed.), p. 137; *King* v. *Concordia Fire-Insurance Co.,* 140 Mich. 258 (6 Ann. Cas. 87).

The statutes underlying the issuance of these refunding bonds require the officer having charge of the financial records of the county desiring to issue the same, to make a sworn statement to the State treasurer containing the information required to be given by section 8, Act No. 273, Pub. Acts 1925, as amended (1 Comp. Laws 1929, § 2697, as amended by Act No. 142, Pub. Acts 1931), Act No. 26, Pub. Acts 1931, § 2.

Section 2697, 1 Comp. Laws 1929, prescribes in detail the statement of facts which the officer having charge of the financial records of every municipality shall make to the State treasurer. Section 2698, 1 Comp. Laws 1929, prescribes that no bonds may be

issued without the certificate of the State treasurer. Act No. 26, Pub. Acts 1931, § 2a, transfers this duty from the State treasurer to the loan board. These provisions of the statute do not vest in the State treasurer or in the loan board the power and authority to issue bonds. They place the burden upon the municipality to report its financial condition and the amount, date, and character of its indebtedness to the State treasurer. The statutes authorize the issuance of securities and place limitations upon the amount of bonded indebtedness that may be contracted. The duty of the loan board is to see that the amount of indebtedness authorized does not exceed the limitations upon indebtedness. These statutes do not attempt to delegate power to make law. The statutes declare the law and delegate the power to the loan board to determine the facts or state of things upon which the law makes its own action depend. Such statutes are not unconstitutional. *Locke's Appeal,* 72 Pa. 491, 498 (13 Am. Rep. 716); *Feek* v. *Township Board of Bloomingdale,* 82 Mich. 393 (10 L. R. A. 69); *Field* v. *Clark,* 143 U. S. 649 (12 Sup. Ct. 495); *King* v. *Concordia Fire-Insurance Co., supra.* There is by the statutes here involved, no unconstitutional delegation of legislative power.

(6) It is claimed the action of the loan board was invalid because the attorney general did not act in person thereon. The approval of the issuance of the bonds in question was made by the loan board, the State treasurer and the auditor general being present, and the attorney general being represented by the deputy attorney general. It is claimed the deputy attorney general had no power to act. Act No. 153, Pub. Acts 1917 (1 Comp. Laws 1929, § 184), provides that the attorney general may appoint a deputy attorney general. ''He (deputy) may also

serve in place of the attorney general as a member of the Michigan securities commission created by Act No. 46, Pub. Acts 1915, and other boards and commissions of which the attorney general now is or may hereafter be an *ex officio* member.'' What are *ex officio* services? They are services imposed by law upon a public officer by virtue of his office. ''They are services which relate to the public interests, or business of the county or State, as contradistinguished from those relating to the private interests of individuals.'' *Gilbert* v. *Justices of Marshall County,* 18 B. Mon. (57 Ky.) 427. ''When the State requires services to be performed by its officers, for which no remuneration is allowed, they must be regarded as *ex officio* services, for which no charge can be made.'' *Allin* v. *Mercer County,* 174 Ky. 566 (192 S. W. 638). See, also, *Wortham* v. *Grayson County Court,* 13 Bush. (76 Ky.) 53. The attorney general is *ex officio* a member of the loan board and the deputy attorney general had a right to act thereon.

Section 21 of article 10 of the Constitution, effective December 8, 1932, if the bonds are valid obligations of the county of Oakland, as we hold, does not bar the spreading of the tax proposed for the reason it excepts, ''taxes levied for the payment of interest and principal on obligations heretofore incurred, which sums shall be separately assessed in all cases.''

We find nothing in subdivision ''c'' of section 6 of Act No. 142, Pub. Acts 1931 (amending 1 Comp. Laws 1929, § 2695), which violates either section 1 of article 5 of the Constitution, or section 6 of article 10 thereof.

It is claimed the questions here involved cannot be litigated in this case. There is no question raised

but what the county of Oakland received and expended plaintiff's money; it issued its tax anticipation notes therefor; it has had the use and benefit of the money; such money remains unpaid. It now says it should not repay it because it violated the law in receiving it. There is no dispute about the amount, the manner in which it was borrowed, the corporate records underlying the loan, the amount is liquidated and due and the tax should be spread to pay it. The writ will issue, with costs.

McDONALD, C. J., and WEADOCK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.