Dear Treasurer Butkin,
¶ 0 This office received your request for an official Attorney General Opinion in which you ask the following question:
Do the requirements of 82 O.S. Supp. 1998, § 863A[82-863A] that nomore than two directors of the Grand River Dam Authority mayreside in the same county apply to ex officio members of theAuthority's Board of Directors and their respective designees?
¶ 1 The Grand River Dam Authority ("the Authority") is a conservation district created and governed by provisions of 82O.S. 1991 and Supp. 1998, §§ 861 to 890 ("the Act"), first adopted in 1935. The district now consists of 24 counties in northeast Oklahoma in the watershed of the Grand River. Among other activities, the Authority sells impounded water, generates and sells electricity, manages the forests of the watershed, and conducts flood control and erosion prevention programs within the district. 82 O.S. Supp. 1998, § 862[82-862].
¶ 2 Section 863 of the Act vested control of the Authority in a seven-person Board of Directors, the membership of which has ranged from five to nine district residents over the years. Until 1997, the Act prohibited more than one director from residing in the same county; in 1997 that provision was amended to allow no more than two directors from a single county. 82 O.S. Supp.1997, § 863[82-863](E).
¶ 3 In 1998, the Legislature replaced Section 863 of Title 82 with Section 863A, effective January 1, 1999. 1998 Okla. Sess. Laws ch 391, §§ 14 and 16. Most of Section 863A is patterned after Section 863, but, among other things, it adds the State Treasurer and State Bond Advisor as voting ex officio board members, revises the selection process for directors, and sets future "terms of office for the directors" and their successors at seven years. Quorum remains at four directors. Id.
¶ 4 Subsection A of the new section reads as follows:
 The powers, rights, privileges and functions of the Grand River Dam Authority, hereinafter referred to as the district, shall be exercised by a board of nine (9) directors, which includes two ex officio voting members as set out below, herein called the Board, to be appointed by the Governor, by and with the advice and consent of the Senate, all of whom, except as herein specifically provided, shall be residents of the district.
 No more than two (2) directors shall be residents of the same county; provided, that no person shall be eligible for such appointment if the person, during the three (3) years prior to the appointment, has been employed by an investor-owned utility company of any kind or character whatsoever, or has held a federal, state or county office, elective or appointive. Each director, except as herein specifically provided, shall have lived in said district five (5) years prior to appointment of that director.
82 O.S. Supp. 1998, § 863A[82-863A](A).
¶ 5 Subsection B outlines the selection process for the seven directors appointed to staggered terms by the Governor including one at-large director. As a vacancy occurs for each of the staggered terms, a director is appointed by the Governor from a list of three candidates submitted, in turn, by the Speaker of the House, the President Pro Tempore of the Senate and the four designated groups. 82 O.S. Supp. 1998, § 863A[82-863A](B).
¶ 6 The following language was added concerning the two directors not appointed by the Governor:
 8. On and after January 1, 1999, the State Bond Advisor or his or her designee, whether a resident of the district or not, shall serve as an ex officio, voting director of the district;
 9. On and after January 1, 1999, the Oklahoma State Treasurer or the Treasurer's designee, whether a resident of the district or not, shall serve as an ex officio, voting director of the district.
82 O.S. Supp. 1998, § 863A[82-863A](B) (emphasis added).
¶ 7 Your question focuses on the inclusion of the State Treasurer and the State Bond Advisor, or their respective designees, as the eighth and ninth voting members of the Board. Are these State officials, or their designees, affected by the provision in Section 863A(A) which prohibits more than two directors from the same county?
¶ 8 Duties ex officio are those which vest because of, or by virtue of, a particular office. Webster's Third New International Dictionary 797 (1993). Some courts have held that ex officio
services are those which the law annexes to a particular office and requires the incumbent to perform. See, e.g., City ofBirmingham v. Hawkins, 94 So. 62, 65 (Ala. 1922); Nichols v.Galveston County, 228 S.W. 547, 548 (Tex. 1921); and ChemicalBank Trust Co. v. Oakland County, 251 N.W. 395, 400 (Mich. 1933). Thus, ex officio duties are generally not the primary commissions of an office, but are ancillary thereto. A person is charged with ex officio duties by reason of another office which he or she holds. A fortiori, when the officeholder vacates his or her principal office, the ex officio position is also vacated. A vacancy exists in the ex officio position as long as a vacancy exists in the principal office, and is filled automatically when the principal office is filled. Therefore, the characteristics of the principal office determine who holds theex officio office. Residency requirements of a secondary exofficio position which are inconsistent with those of the principal office therefore cannot control over any residency requirements of the principal office, because such a policy would subvert the broad important responsibilities of the principal office.
¶ 9 This conclusion, that the county residency limit does not apply to the ex officio members or their designees, is supported by other references to directors in the statute in question. First, the residency requirement predates the 1998 amendments. It was not an essential part of the scheme introduced by the Legislature in its 1998 reforms, but has long been a characteristic of the agency's structure when it had no exofficio directors. Second, while the generic term "directors" is used in subsection C which sets seven-year terms of office, the amendment does not purport to change the terms of office of either the State Treasurer or the State Bond Advisor. Further, subsection D allows the Governor to remove "[a]ny director . . . from office for just cause." 82 O.S. Supp. 1998, § 863A[82-863A](D). However, the Governor is not empowered by any other law to remove the State Treasurer or the State Bond Advisor from office, and there is no reason to believe the Legislature intended such a sweeping shift in power to be read into this amendment. In addition, subsection E requires that directors "have a demonstrated capacity in business, finance or professional fields," but statutory language cannot be construed to amend or limit the general eligibility requirements for State Treasurer set forth at Article VI, § 3 of the Oklahoma Constitution. SeeOklahoma State Election Board v. Coats, 610 P.2d 776, 778-79
(Okla. 1980). Subsection B(8) and (9) which adds the State Treasurer and the State Bond Advisor or their respective designees, "whether a resident of the district or not," expresses a legislative intent that the residencies of these two board members is immaterial. Finally, the most telling requirement is that "no person shall be eligible for such appointment if the person, during the three (3) years prior to the appointment . . . has held a federal, state or county office, elective or appointive." 82 O.S. Supp. 1998, § 863A[82-863A](A). Application of this language to the State Treasurer would create an absurdity which is neither necessary nor acceptable and "will be avoided." TXOProduction Corporation v. Oklahoma Corporation Commission,829 P.2d 964, 969 (Okla. 1992). "Statutes dealing with the same general subject should be construed together in order to arrive at the legislative intent in any particular section." TWA v.McKinley, 749 P.2d 108, 110 (Okla. 1988). Reading the statute as a whole leads to the reasonable conclusion that the residency requirements apply to the appointed directors and not to the exofficio directors.
¶ 10 The designees of the State Treasurer and the State Bond Advisor bear the characteristics of the two State officials whom they represent on the Board. Since neither the State Treasurer nor the State Bond Advisor is bound by the residency requirement, neither is the designee who stands in that officer's shoes. The residency requirement applies only to the seven directors appointed by the Governor; the residency requirement does not apply to either of the ex officio directors or their designees.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The residency requirements in 82 O.S. Supp. 1998, §863A(A) do not apply to the State Treasurer, the State BondAdvisor, or to their respective designees to the Board ofDirectors of the Grand River Dam Authority.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WALTER W. JENNY, JR. ASSISTANT ATTORNEY GENERAL